```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re                                    :      Chapter 7
                                         :
JORDAN BECKERMAN                         :      Case No. 25-11549-JPM
                                         :
                                         :
                 Debtor.                 :
----------------------------------------------------------------x
```

**DEBTOR'S OPPOSITION TO MOTION OF EDMUND
JOHN LOWELL FOR ENTRY OF AN ORDER
EXTENDING TIME TO OBJECT TO THE DEBTOR'S
DISCHARGE AND/OR DISCHARGEABILITY**

HONORABLE JOHN P. MASTANDO III,
UNITED STATES BANKRUPTCY JUDGE:

Debtor Jordan Beckerman ("**Debtor**"), by and through his counsel, Kirby Aisner & Curley LLP, respectfully submits this Opposition to the Motion of Edmund John Lowell ("**Lowell**" or "**Movant**") seeking to extend the deadline to object to Debtor's discharge and/or dischargeability (the "**Motion**"), and respectfully sets forth as follows:

**PRELIMINARY STATEMENT**

First, the Movant is not a creditor of the Debtor and the Motion fails to set forth any basis whatsoever for a claim, let alone one which could satisfy the burdens for a non-dischargability finding. Lowell made a loan to Yale Entertainment, LLC ("**Yale Entertainment**"), currently a chapter 7 debtor, to which loan the Debtor was neither a party, signatory nor guarantor.

Second, even if Lowell were a creditor of the Debtor, which the Debtor disputes, the Motion should be denied because he has not and cannot establish the requisite "cause" under Rules 4004(b) or 4007(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for the relief he seeks. Lowell has taken no action whatsoever in this Chapter 7 case to pursue

1

discovery and/ or a claim. To the contrary, the record, and the Motion itself, clearly demonstrate that Movant: (1) had full notice and opportunity since July 2025 to pursue any claims he believed existed; (2) drafted but never filed a proposed complaint months before the relevant October 20, 2025 deadline; (3) waited until one week before such deadline to seek this extension; and (4) is improperly using 2004 discovery sought in the *Yale Entertainment, LLC* Chapter 7 case as a basis for the relief.

The strict deadlines imposed by Bankruptcy Rules 4004 and 4007 are designed to provide finality and allow debtors to move forward without indefinite exposure to litigation. Movant should not be permitted to sit on his hands for months in the Debtor's case and obtain this extension with the vague hope that Rule 2004 discovery in an unrelated corporate bankruptcy case in the hopes that perhaps he will discover a claim against the Debtor that he can then seek to have rendered non-dischargeable. Allowing such an extension would prejudice the Debtor by prolonging uncertainty and undermining the finality that Chapter 7 is designed to ensure.

**BACKGROUND**

1. On July 11, 2025, the Debtor filed a voluntary Chapter 7 petition. The Section 341 meeting was set for August 20, 2025 (the "**341 Meeting**"), and the deadline to object to discharge or dischargeability was October 20, 2025. Lowell's counsel was properly notified of the 341 Meeting and attended the same.

2. As confirmed in Lowell's Motion and the exhibits to same, Lowell's counsel contacted the Debtor in June 2025 seeking "voluntary cooperation" in Lowell's proposed lawsuit against Jordan Yale Levine. On July 17, 2025, Lowell's counsel sent Debtor's counsel a draft complaint and settlement demand. (See "**Exhibit C**" of the Motion), which included allegations against Debtor. Thus, by his own admission, Movant had not only formulated allegations, but had

actually drafted the relevant complaint, months before the October 20, 2025 deadline. Notably, while the communication states that it was not intended to "threaten" any action – the message was clear, "pay me money or else". The fact that a complaint drafted in July 2025 was not timely filed in Debtor's bankruptcy case is rather telling as to Lowell's true motivations, to intimidate.

3. Lowell never filed a complaint or sought any discovery whatsoever in Debtor's Chapter 7 proceeding. Instead, he waited three months until October 14, 2025 - less than one week before the Deadline - to file the Motion to seek an extension.

4. Lowell is simultaneously pursuing overly broad and improper Rule 2004 discovery in the Yale Entertainment chapter 7 case (Case No. 25-10997) (the "**Yale Chapter 7**") purportedly to investigate corporate activity. However, it is well settled that Rule 2004 discovery is expressly limited to determining the existence of estate assets in that case - it is neither intended nor available to a creditor to gather potential evidence for unrelated personal claims or dischargeability actions in separate cases. (See Fed. R. Bankr. P. 2004(b), which limits examinations to "the acts, conduct, or property of the debtor, or to the liabilities and financial condition of the debtor.").

5. As stated in the Motion, the applicable loan documents between Movant and Yale Entertainment, including two (2) separate loan agreements and numerous amendments to the same, were executed solely by Lowell and Yale Entertainment, signed by Jordan Yale Levine. Lowell is a sophisticated businessman and was represented by counsel throughout the transaction. The Debtor was not a party to, signatory of the loan agreements or a personal guarantor of Yale Entertainment's obligations thereunder. Movant is now attempting to have the Court take the extreme position of granting an extension of the §523 deadline in Debtor's Chapter 7 case for a debt which Debtor does not personally owe, and which is the subject of a separate corporate bankruptcy case.

**ARGUMENT**

**I.      Granting an Extension to Allow Movant to Complete Rule 2004 Discovery in the Yale Entertainment Case Is Improper as a Matter of Law.**

6.      Movant is not entitled to the relief he seeks based upon discovery he has undertaken in a separate pending case. Rule 2004 discovery in a corporate bankruptcy is limited to matters affecting the administration of that corporate estate, and may not be used to obtain discovery for use in another case or to further pending litigation. *See In re Cambridge Analytica LLC*, 600 B.R. 750, 752 (Bankr. S.D.N.Y. 2019) (Rule 2004 examinations are not available for the purpose of aiding pending litigation outside of the bankruptcy court.); *In re Enron Corp.*, 281 B.R. 836, 840–42 (Bankr. S.D.N.Y. 2002) (holding that Rule 2004 may not be used to obtain discovery for use in an adversary proceeding or other pending litigation and limiting its scope to matters affecting the administration of the estate).

7.      While Movant may have the right to pursue discovery in the Yale Entertainment proceeding, which he has done, that discovery is intended to discover assets <u>for that estate</u> and cannot be used to improperly delay this Chapter 7 case until he can determine *if* he has a claim against the Debtor, and *if* that claim rises to the level of non-dischargability.

8.      As such, Movant's admitted use of the pending 2004 discovery in the Yale Entertainment to establish a non-dischargable claim against the Debtor is not only farfetched, but is improper as a matter of law. For this reason alone, the Motion must be denied.

**II.     The Motion Cannot Establish "Cause" Under Rules 4004(b) and 4007(c)**

9.      Under Fed. R. Bankr. P. 4004(b)(1) and 4007(c), an extension of time to object to discharge or dischargeability requires a showing of "cause", which must be established before the expiration of the deadline. The burden rests on the moving party. See *In re Nowinski*, 291 B.R.

4

302, 305 (Bankr. S.D.N.Y. 2003). Courts strictly construe these deadlines to protect the debtor's right to a fresh start and to promote finality. See *In re Benedict*, 90 F.3d 50, 54 (2d Cir. 1996) (holding that the sixty-day deadline under Rule 4007(c) must be strictly construed and that extensions are granted only upon a clear showing of cause). In determining whether "cause" exists, courts consider factors such as the creditor's notice and diligence, the complexity of the case, the debtor's cooperation, and any related collateral proceedings. See *Nowinski,* supra. Each factor weighs against an extension here.

**A.** *Movant Had Sufficient Notice and Opportunity to File a Complaint*.

10. By Movant's own admission, Movant contacted Debtor's counsel in June 2025, before Debtor had even commenced the Chapter 7 proceeding. Moreover, and again by Movant's own admission, Movant's attorney had drafted a complaint and sent such complaint to Debtor's counsel. (See "**Exhibit C**" of the Motion). Movant was promptly informed of Debtor's Chapter 7 filing by Debtor's attorney upon receipt of the draft complaint, and Movant's counsel appeared at Debtor's 341 Meeting.

11. If Movant truly believed the allegations set forth in his draft complaint, and if he believed that the same was relevant to dischargeability in Debtor's Chapter 7 case, he had ample notice and opportunity to file a nondischargeability action within the sixty (60) days following the 341 Meeting. Instead, Movant chose to wait until less than a week before the October 20, 2025, not to file the complaint or even to seek discovery, but to request an extension of the deadline. The Motion fails to set forth any justifiable reason for that delay except to point to pending discovery in the Yale Chapter 7, which is improper.

**B.** *Movant Failed to Show Proper Diligence*.

5

12. It is well settled that the Bankruptcy Code and the policies behind the statute direct expediency. *In re Weinstein,* 234 B.R. 862, 866 (Bankr. S.D.N.Y. 1999) ("deadlines are to be interpreted strictly and in a manner consistent with the Code's policies in favor of providing a fresh start for the debtor and prompt administration of the case"); *In re Grillo,* 212 B.R. 744, 746 (Bankr. E.D.N.Y. 1997) (referencing Rule 4004(c), "the court shall *forthwith* grant the discharge"). As such, the requirement to establish diligence on the part of any movant is consistently required by courts in this district and beyond. *Id.* at 747.

13. In *Grillo*, the creditor filed a motion to extend time to object to discharge on the last day before the deadline expired. *Id.* Judge Feller denied the creditor's motion for an extension because the creditor could not demonstrate it had diligently pursued discovery prior to the deadline, or that it had any concrete factual reason for the need for an extension. *Id.*

14. In denying the creditor's request for an extension, Judge Feller cited the majority position that waiting until only a few days before the deadline to object to discharge to seek a Rule 2004 examination does not show sufficient diligence to warrant an extension:

> **The majority view is that there can be no cause justifying an extension of time to object to discharge where the party seeking the extension failed to diligently pursue discovery prior to expiration of the deadline.** *See In re Farhid,* 171 B.R. 94, 97 (N.D.Cal.1994) (cause absent where creditor failed to attend section 341 meeting of creditors or request any Rule 2004 examination); *In re Mendelsohn,* 202 B.R. 831, 832 (Bankr.S.D.N.Y.1996) (no cause where creditor failed to seek a Rule 2004 examination and moved for an extension of time on last day to file objections to discharge); *In re Leary,* 185 B.R. 405, 406 (Bankr.D.Mass.1995) (cause absent where creditor waited until **ten (10) days prior** to expiration of the deadline to pursue requested Rule 2004 examinations); *In re Dekelata,* 149 B.R. 115, 117 (Bankr.E.D.Mich.1993) (no cause where request for Rule 2004 examination was made for the first time **11 days prior** to expiration of the deadline); *Littell v. Littell (In re Littell),* 58 B.R. 937, 938 (Bankr.S.D.Tex.1986) (no cause where creditor failed to conduct discovery and motion for extension of time was filed **day before deadline** was to expire); *see also Santana Olmo v. Quinones Rivera ( In re Quinones Rivera),*

184 B.R. 178, 183 (D.P.R.1995) (request for extension is inappropriate where movant made "no attempts at discovery, until his motion for extension of the deadline for objecting to discharge...."); 9 *Collier on Bankruptcy* ¶ 4004.03[2] at 4004–13 (extension inappropriate where "party seeking extension has made no attempts at discovery during all or most of the time available to it.").

*Id.* [emphasis provided]. In fact, here, the Movant has not even sought the extension in order to seek a 2004 in this case but rather so he can complete his discovery in the Yale Chapter 7, a request which, it bears noting, he waited to seek until three months had elapsed in that proceeding as well!

15. Other courts have followed Judge Feller's reasoning in denying extensions of time to object to discharge to creditors who wait until only days before the deadline, have not diligently pursued an investigation prior thereto, and who cannot express any concrete reason to believe a further investigation will lead to uncovering grounds to deny discharge.

16. In *In re Gotay*, 2005 WL 3789330 (Bankr. S.D.N.Y. 2005) the Honorable Alan L. Gropper denied a creditor's request for an extension of the deadline to object to dischargeability, in part because the creditor waited until only five (5) days before the deadline to move for a Rule 2004 examination of the debtor. In making that observation, Judge Gropper examined three other cases where the creditors were denied an extension because they had waited until only days before the deadline to pursue a Rule 2004 examination. *Id.* citing, *In re Leary*, 185 B.R. 405, 406 (D. Mass. 1995) (creditor's motion for extension was denied when filed 10 days prior to the deadline and on the same day as Rule 2004 application citing only vague references to "complex personal financial history"); *In re Quinones Rivera*, 184 B.R. 178, 183 (D. Puerto Rico 1995) (creditors' motion to extend time was filed on the deadline, contained only vague representations that "more discovery is necessary", and no prior attempts at discovery were made); *In re Dekelata*, 149 B.R. 115, 117 (Bankr. E.D. Mich. 1993) (creditor's motion for an extension was denied when it was filed 11 days prior to the deadline to object to discharge).

7

17. Movant has had over three (3) months to seek discovery in Debtor's case. Instead, Movant did nothing, ran down the clock, and filed this Motion seven (7) days prior to the expiration of the deadline. Movant's speculation about what he *might* uncover through improper discovery in a separate bankruptcy case, does not constitute "cause" which can justify the relief he seeks.

C.     **Movant Failed to Demonstrate Complexity In This Case**

18. Debtor's Chapter 7 case, particularly as it relates to Movant, is not complex.

19. Albert Togut, Esq., the Chapter 7 trustee in this case, conducted his fiduciary investigation, examined the Debtor, and promptly closed the meeting and issued a Report of No Distribution on September 17, 2025.

20. Meanwhile, Alan Nisselson, Esq., the skilled and experienced Chapter 7 trustee for the Yale Chapter 7 case, has been in place for six (6) months. During that time he has not requested any additional discovery from the Debtor, asserted claims against the Debtor or sought the extension of the deadlines to object to discharge.

21. As set forth above, the Debtor is not a party, signatory or guarantor to any transaction with the Movant. The Motion is devoid of any facts whatsoever that could support even a claim against the Debtor, let alone one that rises to the level of nondischargability. It is noteworthy that despite having a complaint drafted for months, there is no mention of any grounds for any claim that the Movant may hold against the Debtor. In fact, the only facts offered by Movant were that excessive funds were paid to the principals of Yale Entertainment, which, if even actionable, which the Debtor disputes, would be a claim of the Yale Chapter 7 that could only be asserted by the trustee, not the Movant.

D.     **Debtor Consistently Cooperated With Movant.**

8

22. The Movant has made no formal attempt to obtain any discovery with which the Debtor could cooperate.

23. However, when Movant informally reached out to Debtor in June 2025 seeking voluntary cooperation in Lowell's proposed lawsuit *against Jordan Yale Levine* (not the Debtor), responses were promptly given. Debtor's counsel not only responded to all correspondence from Lowell's counsel, as reflected in the Motion. (See "**Exhibit C**" of the Motion), she also participated in a video conference to discuss same.

24. As such, Debtor has never, through his counsel or otherwise, failed to respond to any formal or informal inquiry related to this case.

**E.     There is No Pending Collateral Case.**

25. The only other pending matter is the Yale Chapter 7 and the pending discovery, which Movant has admitted is being utilized for an improper purpose. However, there is no litigation pending which could result in collateral estoppel on any relevant issues.

**III. Movant Has Failed to Support Any Basis for a §727 Objection**

26. Nothing in the Motion discloses any concrete reason to believe that any of the elements of §727 exist in this case. Accordingly, the request for an extension should be denied.

**IV.     The Motion Is an Improper Attempt to Harass and Burden the Debtor**

27. Movant appears to have made it his mission to cause undue hardship on the Debtor in an attempt to coerce a recovery. Courts have emphasized that extensions should not be used as a tactic to prolong litigation or exert leverage over financially constrained debtors. *See In re Enron Corp.*, 281 B.R. at 840; *In re Dura-Tech Indus., Inc.*, 241 B.R. 291, 296 (Bankr. E.D.N.Y. 1999)

(holding that Rule 4007(c) deadlines and related procedures cannot be used to harass or impose undue burden on the debtor).

28. Movant's intentions have been clear from the start, as evidenced by his own admitted tactics. Sending emails to pressure the Debtor to "cooperate" when really the request was to help Movant intimidate and pressure Jordan Yale Levine, Yale Entertainment's other principal, to personally repay corporate debts. Transmitting a drafted complaint, allegedly not to threaten or coerce, but clearly intended for just that, given that six (6) months later it still has not been filed. We can only assume has not been filed due to the protections afforded by Rule 11 and/ or the simple fact that it would not survive a motion to dismiss.

29. The Debtor lacks the financial means to defend against continued motion practice. Rather than pursue discovery through the Chapter 7 Trustee or file the complaint that had been drafted since July 2025, Movant has instead chosen to file the Motion for an extension, with the intention of driving up costs for Debtor and delaying resolution of his case.

30. As such, it is respectfully submitted that granting the relief sought by Movant would serve to condone his blatant bad faith and improper tactics.

## **CONCLUSION**

Permitting any further extension or delay would undermine the purpose of the Bankruptcy Code by rewarding Movant's lack of diligence and depriving the Debtor of the prompt and definitive resolution that Chapter 7 is intended to provide.

**WHEREFORE,** for the foregoing reasons, the Debtor respectfully requests that the Court deny Movant's Motion in its entirety and grant such other and further relief as the Court deems just and proper.

Dated: November 11, 2025
      Scarsdale, New York

                                      KIRBY AISNER & CURLEY LLP
                                      *Attorneys for Debtor*
                                      700 Post Road, Suite 237
                                      Scarsdale, New York 10583
                                      Tel: (914) 401-9500

                                      By:   /s/ Erica R. Aisner
                                              Erica R. Aisner, Esq.